IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   ALI RAZAVI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. CIV-14-562-D |
| | ) | |
| v. | ) | |
| | ) | |
| (1)   CITY OF BETHANY, OKLAHOMA, A MUNICIPAL CORPORATION, ex. rel. Bethany Police Department, | ) ) ) ) | |
| | ) | |
| Defendant | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ALI RAZAVI, by way of original complaint against Defendant, CITY OF BETHANY, alleges the following:

**I. Nature of Action**

1.1    This jury action seeks redress for Defendant's violation of the laws of the United States in connection with the employment of Plaintiff by Defendant and his termination.   This action seeks to enforce the rights created under Title VII of the Civil Rights Acts of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*, and 42 U.S.C. § 1981 ("Section 1981") prohibiting race and religious discrimination and harassment and retaliation in employment.  As redress, Plaintiff prays for and demands declaratory, injunctive, equitable and legal relief, including reinstatement (or front pay), back pay, compensatory damages, punitive damages and attorney's fees and costs.

1

## II.  Jurisdiction and Venue

2.1   This Court has jurisdiction over Plaintiff's claims brought under federal law pursuant to 42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 1981, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 2201.

2.2   Venue is proper in this Court pursuant to 28 U.S.C. § 1392 and 42 U.S.C. §2000e-5(f)(3), because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court and because the Defendant resides within the judicial district of this Court.

2.3   All conditions precedent to the institution of this action and the claims herein asserted have been fulfilled and satisfied.  Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission for investigation on June 10, 2013.  On March 10, 2014 the EEOC issued a Notice Right to Sue.  This lawsuit was filed timely.

## III.  The Parties

3.1   Plaintiff is a male individual and a resident of Oklahoma County, Oklahoma.

3.2   Defendant City of Bethany is a municipal corporation located in Oklahoma County, State of Oklahoma. Service of this Original Complaint and Demand for Jury Trial may be accomplished by serving its City Clerk:  John Robinson, City Clerk, City of Bethany, 6700 NW 36th Street, Bethany, OK  73008

3.3   At all times material to this action, Phil Wise was a Lieutenant with the City of Bethany Police Department.  During the conduct hereinafter alleged,

Lt. Wise was acting within the scope of his actual and apparent authority as an official and managing agent of Defendant.  He was otherwise aided in accomplishing the conduct hereinafter alleged by the existence of his actual or apparent employment and agency relationship with Defendant.  All of the actions of Lt. Wise hereinafter alleged were known to, authorized and ratified by Defendant.

## IV.  Background Facts

A. **Employment Background**

4.1     Plaintiff's mother is Caucasian and father is Iranian. At his hire, Plaintiff's name was Mohammad Ali Razavi.

4.2     In approximately 2000, Plaintiff was hired by Defendant as a full-time Dispatcher for the City of Bethany Police Department at 19 years old.  After an approximate nine-month break in service with another police municipality in approximately 2000, Plaintiff remained continuously employed in his Dispatcher position until his constructive termination of employment on or about November 26, 2012.  He worked at Defendant over 10 years.

4.3     Throughout his employment Plaintiff was qualified to hold the position of Dispatcher.  He always endeavored to and did perform his duties in a competent and satisfactory manner.

**National Origin and Religious Harassment**

4.4     Plaintiff reported directly to the Phil Wise, Lieutenant, Caucasian, Bethany Police Department.

4.5     After the 9/11 (2001) terrorist attack, Lt. Wise frequently made derogatory and stereotypical comments to Plaintiff regarding national origin and religion, including "Muslim", "terrorist", "faggot Islamist", "check his shoes for bombs", "face east", "camel jockey", "bet back is hairy", "goat burger for lunch", "have 8 wives", "got sand on my hand", etc.

4.6     Thereafter, after observing Lt. Wise, Plaintiff's work peers, including police officers and dispatchers, then participated in the harassment directed toward Plaintiff through similar derogatory and stereotypical comments to Plaintiff regarding national origin and religion.

4.7     The derogatory and stereotypical comments regarding national origin and religion were usually directed at Plaintiff on a daily basis.

4.8     Lt. Wise further directed his derogatory and stereotypical comments to Plaintiff in reference to others. For example, "I just booked me a nigger", "booked one of your people".

4.9     In 2007 Plaintiff formally changed his name from Mohammad Ali Razavi to Ali Razavi.

4.10    The harassment was unwanted by Plaintiff. Plaintiff frequently requested Lt. Wise and his work peers to stop the harassment.

**Formal Grievances**

4.11   Beginning on or about 2008 Plaintiff filed a written grievance with Police Chief Phil Cole regarding the harassing and hostile work environment.

4.12   Despite his internal grievance the hostile and harassing hostile work environment continued.

4.13   A few months after his written grievance, Plaintiff arranged a meeting with J.D. Reid, Assistant Police Chief, to discuss his grievance. Plaintiff then arranged a meeting with John Shughart, City Manager, to discuss his grievance. Mr. Shughart said he would talk to Lt. Wise.

**Retaliation**

4.14   Despite his reporting, the harassing and hostile work environment continued.

4.15   Defendant routinely refused to allow Plaintiff to take accrued vacation for days requested. Plaintiff then noticed others on vacation for the days he had requested. At his separation, Plaintiff had accrued approximately 270 hours of accrued vacation.

4.16   On or about 2010 Defendant assigned Plaintiff to a less desirable shift without any reason or basis. After working the 7 am to 3 pm shift for many years, Defendant assigned him the second shift of 3 pm to 11 pm shift. The individual taking his shift had less seniority.

4.17   On or about 2010 Plaintiff filed a second grievance with Defendant concerning his assignment to the second shift.

4.18    On or about 2010 Defendant issued a write up to Plaintiff for taking an accrued sick day under an erroneous accusation he was not sick.

**Constructive Termination**

4.19    Although Plaintiff had lodged a series of complaints, the hostile and harassing work environment remained.

4.20    On or about November 26, 2012, Plaintiff resigned his employment with Defendant due to the harassment and retaliation.  He found another Dispatcher position at another municipality at less pay, seniority and benefits.

## COUNT I:  NATIONAL ORIGIN DISCRIMINATION

5.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.20 of the Original Complaint.

5.2    At all times material to this action Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(b).

5.3    At all times material to this action Lt. Wise was an "agent" within the meaning of 42 U.S.C. § 2000e(b).

5.4    Plaintiff was an employee of Defendant and Defendant was Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f).

5.5    Plaintiff's national origin was a motivating factor in Plaintiff's constructive termination of his employment.  Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of his national origin in his constructive discharge.  By engaging in such conduct,

Defendant violated 42 U.S.C. § 1981 and Section 703(a)(1) of Title VII, which makes it an unlawful employment practice to discharge any person because of national origin.

5.6   Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

5.7   As a direct and proximate result of the unlawful constructive discharge of his employment under this Count, Plaintiff has been damaged by the loss of compensation, including salary, bonuses and employee benefits, opportunities for promotions and advancement, loss of retirement benefits and other pecuniary benefits he would have received as an employee at Defendant had he not been terminated in violation of 42 U.S.C. § 1981 and Title VII.

5.8   As a direct and proximate cause of the unlawful discharge of his employment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

5.9   As a direct and proximate result of the unlawful discharge alleged under this Count, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

**COUNT II: HARASSMENT**

6.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.9 of the Original Complaint.

6.2     At all times material to this action Defendant has continuously been and is an employer "engaged in an industry affecting commerce" within the meaning of 42 U.S.C. § 2000e(b).

6.3     At all times material to this action Lt. Wise was an "agent" within the meaning of 42 U.S.C. § 2000e(b).

6.4     Plaintiff was an employee of Defendant and Defendant was Plaintiff's employer, within the meaning of 42 U.S.C. § 2000e(f), at all relevant times.

6.5     Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of his religion, national origin, color ancestry and ethnic characteristics during his employment, by maintaining a hostile and abusive work environment in which he was subject to unwelcome harassment which was so severe, pervasive and humiliating that the terms, conditions and privileges of his employment palpably deteriorated.  Defendant otherwise knew or should have known of such harassment and yet failed to take prompt remedial and corrective action.  By such conduct and omissions, Defendant violated Section 1981 and Section 703(a)(1) of Title VII, which makes it an unlawful employment practice for an employer to discriminate and harass against any person because of religion, national origin, color ancestry and ethnic characteristics.

6.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

6.7	As a direct and proximate result of the violations of Title VII and Section 1981 alleged under this Count, Plaintiff has been damaged by the loss of his employment and loss of compensation and benefits and promotions and other pecuniary benefits he would have received as an employee had he not been discharged in violation of Title VII and 42 U.S.C. § 1981.

6.8	As a direct and proximate result of the unlawful harassment alleged under this Count, and particularly the hostile and abusive work environment which he was required to endure, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.9	As a direct and proximate cause of the unlawful harassment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

### COUNT III: RETALIATION

7.1	Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.9 of this Original Complaint.

7.2	By Plaintiff holding the good faith belief that he was opposing discrimination/harassment and complaining/reporting of such conduct, Plaintiff was opposing and reporting discrimination made unlawful by Title VII and 42 U.S.C. § 1981.  Plaintiff was therefore engaged in activity protected under Section 704(a) of Title VII and 42 U.S.C. § 1981.

7.3    Plaintiff's complaining of and opposition to discrimination was a motivating factor in the constructive discharge of his employment.  Defendant willfully, knowingly and intentionally discriminated against Plaintiff on the basis of his opposition to and complaints of discrimination in his constructive termination of employment.

7.4    By engaging in the aforementioned conduct, Defendant violated, and continue to violate Section 703(a)(1) & 704 (a) of Title VII and 42 U.S.C. § 1981, which makes it an unlawful employment practice for an employer to discriminate against any person because he has opposed any practice made an unlawful employment practice by Title VII and 42 U.S.C. § 1981.

7.5    Defendant engaged in the conduct alleged under this Count with malice and reckless indifference to the federally protected rights of Plaintiff.

7.6    As a direct and proximate result of the violations of Title VII and Section 1981 alleged under this Count, Plaintiff has been damaged by the loss of his employment and loss of compensation and benefits and promotions and other pecuniary benefits he would have received as an employee had he not been discharged in violation of Title VII and 42 U.S.C. § 1981.

7.7    As a direct and proximate result of the violations of Title VII and Section 1981 alleged under this Count, Plaintiff has also suffered mental and emotional distress.

7.8     As a direct and proximate result of the violations of Title VII and 42 U.S.C. § 1981 alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

## COUNT IV:  RELIGION DISCRIMINATION

8.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 7.8 of the Complaint.

8.2     Plaintiff's perceived religion, Muslim, was a motivating factor in Plaintiff's constructive termination of his employment.  Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of religion in his constructive discharge.

8.3     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff.

8.4     As a direct and proximate result of the unlawful constructive discharge of his employment under this Count, Plaintiff has been damaged by the loss of compensation, including salary, bonuses and employee benefits, opportunities for promotions and advancement and other pecuniary benefits he would have received as an employee at Defendant had he not been demoted and terminated in violation of Title VII.

8.5     As a direct and proximate cause of the unlawful discharge of his employment alleged under this Count, Plaintiff has suffered pecuniary losses, the type and amount of which will be established at the trial of this cause.

8.6     As a direct and proximate result of the unlawful discharge alleged under this Count, Plaintiff has suffered nonpecuniary losses, including the emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

8.7     As a direct and proximate result of the violations of Title VII as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amounts of which will be established at the trial of this cause.

**Prayer for Relief**

1.     A judgment that Defendant has engaged in all of the conduct as alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated 42 U.S.C. § 1981 and Title VII.

2.     An injunction permanently enjoining the Defendant from engaging in the future in the discriminatory employment practices alleged in this Original Complaint as well as any discriminatory employment practices shown by Plaintiff to be a violation of 42 U.S.C. § 1981 and Title VII.

3.     A judgment against Defendant awarding Plaintiff an amount equal to the back pay, including salary, bonuses, retirement benefits and employee benefits, he would have received had he not been constructively terminated in violation of 42 U.S.C. § 1981 and Title VII and retained by Defendant as an employee of Defendant in compliance with 42 U.S.C. § 1981 and Title VII.

4.     An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and retirements benefits, he would have

enjoyed had he not been terminated by Defendant in violation of 42 U.S.C. § 1981 and Title VII and retained by Defendant as an employee in accordance with 42 U.S.C. § 1981 and Title VII, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and retirement benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant, had he been retained by Defendant as an employee in accordance with 42 U.S.C. § 1981 and Title VII.

     5.    A judgment against Defendant awarding Plaintiff compensatory damages as redress for Defendant's wrongful conduct.

     6.    A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for its wrongful conduct.

     7.    A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

     8.    A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

                       Respectfully submitted,

                       <u>s/Jeff Taylor</u>
                       Jeff A. Taylor
                       State Bar No. 17210
                       The Offices at Deep Fork Creek
                       5613 N. Classen Blvd
                       Oklahoma City, OK  73118
                       Telephone:   (405) 286-1600
                       Telecopy:    (405) 842-6132

COUNSEL FOR PLAINTIFF

**DEMAND FOR JURY TRIAL**

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

S/Jeff Taylor
Jeff A. Taylor