IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ALI RAZAVI, )
)
      Plaintiff, )
)
v. ) Case No. CIV-14-562-D
)
CITY OF BETHANY, OKLAHOMA, )
a MUNICIPAL CORPORATION, ex. )
rel. Bethany Police Department, )
)
      Defendant. )

**O R D E R**

Before the Court is Defendant's Motion for Partial Dismissal [Doc. No. 5], filed pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P. Defendant City of Bethany has answered Plaintiff's First Amended Complaint, but moves for dismissal of certain claims. Defendant seeks dismissal of Count II to the extent it asserts a Title VII claim for race discrimination because Plaintiff never filed an EEOC charge alleging race discrimination.[1] Defendant also seeks dismissal of Count I to the extent it alleges national origin discrimination under 42 U.S.C. § 1981 on the ground that this statute does not prohibit discrimination based on national origin.[2] Finally, Defendant seeks dismissal of Plaintiff's claim for punitive damages as not recoverable against a municipality.[3]

---

[1] In this circuit, administrative exhaustion is a jurisdictional requirement properly challenged under Rule 12(b)(1). *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005).

[2] Dismissal under Rule 12(b)(6) is appropriate where "a complaint [does not] contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] Because Plaintiff does not assert a "claim" for punitive damages but simply prays for this relief, the Court understands Defendant's Motion as a request to strike Plaintiff's prayer for punitive damages pursuant to Rule 12(f).

In response to the Motion, Plaintiff disclaims asserting any claim for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Upon review of the First Amended Complaint, the Court agrees that Plaintiff does not complain in Count II of racial discrimination but of discriminatory harassment based on "his religion, national origin, color, ancestry and ethnic characteristics." *See* First Am. Compl. [Doc. No. 3], ¶ 6.5. Accordingly, Defendant's Motion directed to a claim of discrimination based on race is moot.

Plaintiff concedes that he cannot recover punitive damages from Defendant. Therefore, the part of Defendant's Motion seeking to strike Plaintiff's prayer for punitive damages will be granted.

Plaintiff objects to the Motion only with regard to the application of 42 U.S.C. § 1981. While the claim of constructive discharge asserted in Count I refers only to national origin discrimination, Plaintiff contends it sufficiently states a claim under § 1981 because the discriminatory harassment that allegedly led to his constructive discharge was based, in part, on his ancestry and ethnic characteristics. The Supreme Court held in *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 613 (1987), that § 1981 does not proscribe national origin discrimination *per se* – that is, based "solely on the place or nation of [a person's] origin, or his religion" – but it does protect "identifiable classes of persons who are subjected to intentional discrimination based on their ancestry or ethnic characteristics . . . whether or not it would be classified as racial in terms of modern scientific theory." *Id*. In *Al-Khazraji*, the Court held that the plaintiff could recover under § 1981 if he was able to "prove that he was subjected to intentional discrimination based on the fact that he was born an Arab." *Id*.

Consistent with this broad interpretation of "race," the court of appeals has held that § 1981 "extends to matters of ancestry which are normally associated with nationality, not race in a biological sense" and that "a person of Iranian descent . . . was protected by § 1981's bar against

discrimination on the ground of race." *See Daemi v. Church's Fried Chicken, Inc.,* 931 F.2d 1379, 1987 n.7 (10th Cir. 1991); *see also Aramburu v. Boeing Co.*, 112 F.3d 1398, 1411 (10th Cir. 1997) (claim of discrimination based on Mexican-American ancestry fell within § 1981's protection against racial discrimination).

In this case, Plaintiff alleges that his father was Iranian and that he was subjected to derogatory slurs directed at Arab ethnicity. In light of these factual allegations, the Court finds that Plaintiff sufficiently alleges discriminatory harassment for which a claim may be brought under § 1981. However, Count I of the First Amended Complaint alleges only that "Plaintiff's national origin was a motivating factor in Plaintiff's constructive termination of his employment." *See* First Am. Compl. [Doc. No. 3] ¶ 5.5 Accordingly, as pled in the First Amended Complaint, Count I is predicated solely on Plaintiff's national origin *per se* and fails to state a claim upon which relief can be granted under § 1981. Therefore, the § 1981 claim asserted in Count I must be dismissed without prejudice to amendment.

In accordance with the foregoing, Defendant's Motion for Partial Dismissal [Doc. No. 5] is GRANTED in part and DENIED in part. Defendant's motion directed to a purported Title VII race discrimination claim is DENIED as moot. In all other respects, Defendant's motion is GRANTED. Plaintiff is granted leave to further amend his pleading within 14 days from the date of this Order to cure the defect in the § 1981 claim asserted in Count I.

IT IS SO ORDERED this 24th day of September, 2014.

*[signature]*
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE